[Civ. No. 9616. First Appellate District, Division Two.—February 21, 1935.]

C. S. HOWER et al., Appellants, v. WOMAN'S HOME MISSIONARY SOCIETY OF THE CALIFORNIA CONFERENCE OF THE METHODIST EPISCOPAL CHURCH (a Corporation), Respondent.

William E. Gearhart for Appellants.

Henderson, Henderson & Carey for Respondent.

SPENCE, J.—Plaintiffs were lien claimants on certain real property upon which defendant held two deeds of trust. During foreclosure proceedings under one of said deeds of trust, said parties together with the owner of said property entered into a certain written agreement for the purpose of permitting the refinancing of the property. The property was not refinanced and several years elapsed. Plaintiffs brought this action, seeking an accounting and the appointment of a receiver. Defendant filed an answer and cross-complaint whereby it sought judgment declaring that plaintiffs had failed, neglected and refused to perform the provisions of said agreement on their part to be performed and quieting defendant's title to said property as against plaintiffs. Upon a trial by the court sitting without a jury, defendant had judgment, from which judgment plaintiffs appeal.

The controversy here arises out of the agreement entered into between the parties. The property was owned by Marcel E. Juilly. He borrowed the sums of $3,000 and $2,000, respectively, from defendant. Said loans were evidenced by promissory notes and secured by deeds of trust which were recorded. He had a prospective purchaser for the premises and the lien claims arose out of the work of remodeling the premises. It was conceded on the trial that defendant's deeds of trust had priority over these lien claims. The sale to the prospective purchaser was not consummated. Some

of the lien claimants filed actions to foreclose their liens and defendant commenced proceedings to foreclose one of the deeds of trust. While these proceedings were pending, several conferences were held which resulted in the agreement in question between defendant herein as party of the first part, plaintiffs herein as parties of the second part and Mr. Juilly as party of the third part.

Said agreement contains some rather singular provisions. The plaintiffs herein agreed to waive their liens and defendant agreed to assign its "beneficial interest under said deed of trust" to California Pacific Title and Trust Company with instructions to hold "the beneficial interest as trustees for the party of first part hereto for the amounts of their liens and for the following-named seven lien claimants (setting forth the names of plaintiffs and the amounts of their liens) and Marcel E. Juilly as hereinafter provided". It was then provided: "It is further mutually understood by and between the parties hereto that after the foreclosure of said deed of trust the property shall be refinanced by California Pacific Title and Trust Company, or their representative, in any amount satisfactory to the parties hereto, and that the moneys realized upon such refinancing shall be distributed as follows:" First, to pay $5,000, together with interest, etc., to the party of the first part (defendant herein) to satisfy the loans; second, the balance to the lien claimants (plaintiffs herein) in proportion to the amounts of their respective liens. After the "refinancing as herein mentioned", the title company was to convey title to the property to Mr. Juilly. It was also agreed that in the event the lien claimants were not paid in full "by moneys raised to refinance the herein described real property as above provided, then either all rents received from said real property shall be placed with the California Title and Trust Company and be prorated among said claimants herein upon any balance remaining unpaid on their respective claims until the same shall have been fully paid and discharged or the said Marcel E. Juilly shall have the option of paying off the balance of the said five (seven) lien claimants, who agree to accept ninety (90) per cent thereof in full satisfaction".

After the signing of said agreement, a trustees' sale was held in the foreclosure proceedings under the deed of trust and a trustees' deed was thereafter executed to the Califor-

nia Pacific Title and Trust Company as the purchaser at said sale. This trustees' sale resulted in vesting the legal title in the title company and this seems to have been treated as the means of complying with the provision of the agreement for assigning the "beneficial interest under said deed of trust" to said company. As above stated, the property was never refinanced and this action was brought more than three years after the above-mentioned agreement was executed.

Upon the trial, plaintiffs offered no evidence and by consent, judgment was entered against them on their complaint. The trial proceeded on the issues made by defendant's cross-complaint and plaintiffs' answer thereto. In said cross-complaint it was alleged, among other things, "that under the terms and provisions of said contract, the plaintiffs herein, as representatives of the said California Pacific Title and Trust Company, agreed to refinance the property" and that plaintiffs failed, neglected and refused to refinance said property for more than three years. In the answer to the cross-complaint plaintiffs denied "that under the terms of and/or provisions of said contract, plaintiffs, or any of them, agreed to be representatives of the said California Title and Trust Company in the matter of refinancing the said property". Testimony was introduced by defendant to show the meaning of that portion of the agreement providing that "the property shall be refinanced by California Pacific Title and Trust Company, *or their representative*". This testimony covered the circumstances preceding and surrounding the making of the agreement. It clearly showed that the agreement was entered into by the defendant for the purpose of giving the owner and lien claimants an opportunity to refinance the property in order to save themselves from the harsh consequences of the pending foreclosure under the deed of trust. In other words, it tended to show that the words "or their representative" were intended by the parties to refer to the owner or any one of the lien claimants who was interested in refinancing for the purpose of preventing a total loss of all the rights of said owner and said lien claimants by the foreclosure of the deed of trust. That this was intended by the parties is borne out by plaintiffs' complaint where it was alleged "that the plaintiffs as representatives of the said Title and Trust Co.

have diligently attempted to refinance the said property''. It was admitted that plaintiffs had been unsuccessful in attempting such refinancing and that the owner had abandoned his efforts and quitclaimed his interest in said property. The effect of the trial court's findings and judgment was to declare that by the terms of the agreement, plaintiffs had agreed to refinance said property, that they had failed to do so within a reasonable time and that their rights under said agreement were thereby terminated. In our opinion, the evidence fully supports the findings and judgment entered.

Plaintiffs attack the findings relating to want of consideration for the agreement, but in view of the conclusion which we have reached, said finding becomes immaterial. ■ They further contend that the trial court's judgment was based upon an oral agreement which varied the terms of the written agreement. This contention may not be sustained as the parol evidence was admitted, not to vary the terms of the written instrument, but to explain the ambiguous provisions thereof. ■ Lastly, they assert that the trial court's judgment is against law as it terminated an express trust without the consent of all the beneficiaries. We believe, however, that the trial court properly concluded that any trust created by said agreement should be terminated because of plaintiffs' failure to perform within a reasonable time their promise to refinance said property.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.